Good morning, Your Honors. I'd like to reserve five minutes for rebuttal. This appeal primarily turns on the issue of whether or not the declaration from Mr. Brown was properly admitted, or rather, whether the motion to strike was properly admitted. So why is that issue before us now? Why isn't that part of the Johnson v. Jones notion that we are not getting involved in whether a summary judgment was properly granted? Because this goes to the issue of what evidence was properly before the Court at all. This was not simply a motion to strike. There was a parallel objection. You know, issues about whether or not evidence is properly part of the consideration of the trial court is Do you know any case, any of these 1983 collateral order appeals in which an evidentiary question has been addressed? Not specifically, Your Honor, but it's not Do you think that they all came up with, there was no dispute before the summary judgment in any of these cases? It's fairly usual that the disputes of these kinds occur before the judge gets to a summary judgment determination. Right, and the objections are made all the time. Right. And the issue of whether or not the evidence So if we're going to get into the propriety of those objections on these collateral order appeals, for the same reasons that the Supreme Court said in Johnson, we're basically undermining the whole collateral order doctrine. I don't think so. If the issue is based on the evidence in front of the trial court, whether or not qualified immunity was appropriate, you have to go to the basic issue of what's But just a minute, that sounds like a great premise, but what is the case that says that? That's what Judge Berzon is really asking you. As State of Ashe versus Manuel Jordana says, the doctrine of pendent appellate jurisdiction allows a court to review an otherwise non-appellate ruling, which in general, discovery rulings are not appealable until the end of the trial, non-appellate ruling, when it is in inextricably intertwined with or necessary to ensure the meaningful review of the order properly before us. This isn't inextricably intertwined, it's a discovery dispute versus a qualified immunity dispute. So are you arguing that it's necessary to ensure a meaningful review of the order properly before us? Yes, but I think part of the... If you're not, you can't get it up here, because we only have appellate jurisdiction over qualified immunity, and if this is a discovery dispute, it's not coming in, unless you can make it meaningfully reviewable to the order properly before us. I think where we're getting trapped is calling this a discovery dispute. It's not. Sure it is. It was a motion to strike. It was an affidavit put together. The judge said what to do with that. That's a discovery dispute. I would disagree, Your Honor. What is it? Well, a discovery dispute would be, is the violation of Rule 26 a reason to prevent this evidence from coming in under any circumstances? That's a discovery dispute. Yes, but that's not what this was. This was a motion to strike from the record on a motion for summary judgment of a particular piece of evidence offered by the plaintiffs in opposition to the motion for summary judgment. Because... It wasn't... It wasn't... Because, why was it a motion to strike? Because of what? Because it was not disclosed in time, and they didn't have enough time to look at it. Correct. And you should have disclosed it sooner. That's a discovery dispute. That's a fight over whether that discovery should have been there first or not. So that's why I don't really think it's inextricably intertwined. I think it has to do, you've got to make it meaningful review of the order properly before us. And I want to hear your best argument about that. This is the sole evidence offered by the plaintiffs to contradict the testimony of the officers. There's no other evidence. Basically not. That's what the court relied on. That's what, if you review their Appellee's brief, they rely on. This is not... Well, part of the reason there's no other evidence is because the, or the reason there's no other evidence is because the plaintiff couldn't testify because of the condition he was in at the end of this episode. Well... So he couldn't get his story. And our case law says that when that's the case, we're particularly forgiving as to other evidence. That is an option that a court can exercise. This court didn't. I mean, the lower court didn't. It found that this evidence was properly before it and ruled based on that evidence. It didn't say the only evidence in front of me is the officer's testimony and I am going to decline to take it at full face value because it's the only evidence there. That's a different issue. That's if the court had excluded the Brown Declaration and still denied the motion for summary judgment on those grounds, then we'd be arguing that. But that's not what happened here. Well, actually, suppose that there were no Brown Declaration. Yes. And the district court had denied summary judgment. And in this hypothetical order, it says, you know, I think there's a dispute of fact that, you know, for all of the reasons that are in the Brown Declaration, even though it doesn't exist in this hypothetical, like, so that order would clearly be wrong, right? Because there would be no evidentiary basis for it to say all those things. But we couldn't review that, right? Because Johnson against Jones, you know, there would be a lack of evidentiary sufficiency to survive summary judgment. But Johnson against Jones says we can't review that, right? So it seems very curious that we do get to review, you know, the sort of subsidiary question of, you know, whether it's appropriate to look at the Brown Declaration when it does exist. Does Johnson really go that far to say that if there's literally no evidence to support what the trial court says is the basis for genuine dispute of fact, that that's unreviewable? Well, we would have to look at the evidence favoring the plaintiff. And if there was no evidence favoring the plaintiff, then in fact, in the record, then it seems to me that we would have jurisdiction to decide that. I'm not sure that it would be unreviewable anytime, but it wouldn't be reviewable for appellate jurisdiction of a qualified immunity situation. Well, except... I mean, we've got to have something in the qualified immunity situation that we can measure the plaintiff's allegations in besides a district court judgment, which is not there. We've got to be able to measure what is his testimony against the law. And if he has no testimony, we wouldn't be able to have that on appellate jurisdiction. I think it's not just the plaintiff's testimony. It's the totality of the evidence that's presented on the issue. But you said there's no other evidence, so that's why I'm getting on the plaintiff's. Well, there's no other evidence from the plaintiff. There was plenty of evidence. Is there any other evidence you'd have? If you can't get Brown in, is there any other evidence you'd have? He doesn't want Brown in. He wants Brown out. Yeah. All of the evidence that we use to support our motion, multiple deposition transcripts from the officers, there's plenty of evidence that we offered as to why... But there's no evidence from anybody other than the officers, right? There are all kinds of people around, but there's no evidence from anybody but the officers. Correct. And that goes on both sides. That literally, while there's... But they did find one person who was around who says he saw it, and they have a declaration from him. Right. And our position is that, under the circumstances, it was inappropriate for... But isn't the... Aside from the question of whether we reach it, isn't this a classic abuse of discretion dispute, which you probably can't win an appeal anyway? I would disagree because of the way the court ruled. What the court's ruling was in the order, and I'm quoting, it appears to the court that the plaintiff's timely disclosed Brown as a potential witness. Our contention is that the evidence, in no way, shape, or form, supports the idea that there was a timely disclosure, and I could go through that. But that is not a situation where the court found the disclosure may not have been timely, but I'm going to exercise my discretion and not exclude it, or say you have to have a deposition, or the various other options that are available to a district court judge. But isn't that what the court said? You can take a deposition? The problem with that, it's... The reason why this is so harmful to the defendants is that if there had been a proper disclosure, they would have immediately made... taken the deposition of Mr. Brown. And so that would have been the evidence that would have been before the court. But what the district court said was, this declaration still would have been before the court, and it still would have been enough evidence for me to deny the... And our position is the declaration never would have existed. Because under the sham affidavit declaration, if they were trying to offer after-deposition testimony, a declaration that said, no, no, no, that's not really what happened, this is what happened, that would have been excluded. I mean, that's just fundamental. We would have had a deposition that would have gone into the issues of his competency, his ability to see what he saw, whether or not he actually would have testified to any of this evidence. That's what was lost by the failure of the plaintiff to... Well, all right, if you go back, have you taken that deposition? No. And there are two reasons for that, Your Honor. One, none of that could have been before this court. But it could be... You can file another summary judgment motion. I'm not sure how we could... Why not? There's this ruling, I mean, you know, and the judge made very clear that he wasn't...  I'm sorry. It's certainly been done before. Yes, but this would not have been... This would still be set up against the declaration, which the district judge has made clear he would not, you know, find anything in a deposition to overturn. Further... Let me... I just want to pin something down. I take you to be agreeing that with the Brown deposition, the plaintiff has to prevail at this point. I mean, given what's in there, it certainly creates a genuine issue of fact. I mean, that's... You know, we're not going to fight that one. It worries me that with the district court saying, I'm not going to help you on the motion to strike, but you can take the deposition. And given that the only way to undo that affidavit is what you're arguing is to take that deposition, that you didn't take it. Well, there are two responses. The problem comes in that you've got to go against the district court for abuse of discretion. And you might argue he had abuse of discretion by saying, I don't care whether you take it. It's not going to make any difference or not. But if you'd have taken it and come in with all the things you're talking about, I'm not sure the district court would have been able to even deal with that as well. So, again, that's my worry here, that it seems to me you've got to say, you've got to make some arguments to make it so that I can look at this argument. Our position is that what should... If this case went back down to the district court, is that we would take the deposition. The declaration would be stricken for all purposes. It would cease to exist. And whatever evidence Mr. Brown would testify to in the deposition, that's what we do. What is your conceptual argument about why this is properly before us? Again, it's... In terms of, given the... I mean, both the Johnson v. Jones problem and the pending jurisdiction, so to speak, problem. How do we get to your issue? What is your conceptual argument? Whether or not this evidence was properly before the court on this specific motion is inextricably tied to whether or not the motion was properly denied. You can't rule on or review the underlying motion. But, again, don't we then completely undermine Johnson v. Jones because we have to... In every case, people come in and start quibbling about the evidence, which is what they were trying to avoid. We're not asking... The challenge here is not that the contents of the declaration would be insufficient. Somebody comes in and says, this is hearsay. It never should have been admitted. Then what? That goes to a different issue, which is that if it's capable of being submitted to the court... Okay, but we still have an argument about it. It's not capable of being submitted. The person's dead. It's really hearsay. It can't come in. We shouldn't be... It shouldn't be in the record. I don't think this is the sort of thing that was intended by Johnson. I can't give you a chapter... Except that you can't find a case. You don't have a single case where it's ever happened. I think it's just fundamental that objections to evidence are part and parcel of the summary judgment process.  And that's why it's not before us. Well, except that whether or not qualified immunity was properly denied is inextricably tied with the summary judgment motion. If there was something fundamentally flawed about the motion that prevented a proper evaluation of the qualified immunity issue, we can't get review of that later on. Qualified immunity in and of itself may be an issue that can be addressed in a different way. But the question of whether or not qualified immunity... You have to start from the premise that this is a narrow exception to the finality rule, right? A very narrow exception. And the question is, how narrow is it, really? Is there any authority for this notion that it reaches evidentiary questions? I know you're saying it's not an evidentiary question, but it is an evidentiary question. I think part of this goes to why qualified immunity exists. It's sort of trite, but it is an immunity from trial. And if we're saying that an attempt to bring it up in whatever structure, whether it's a non-evidentiary motion, the summary judgment motion, that it's impossible to address whether or not there is a flaw in the handling of that motion that is thereby preventing a defendant from getting the benefit of the immunity that they might be entitled to, I think that is reviewable. But it's a flaw not in the assessment of whether the facts that can be shown establish a violation of a clearly established right. It is a flaw in the assessment of which facts can be shown, right? Correct. Okay. We've used up all of your time. Interesting. You've done a nice job with it, but it's hard. We will give you two minutes for rebuttal. I appreciate that. Thank you, Your Honor. Thank you. And we hear from Mr. Scott. Good morning, Your Honors. May it please the Court, I'm Tim Scott for the appellee, Mr. Rios. In our view, this is a classic Johnson v. Jones case. This is a case that is lacking jurisdiction because there are factual questions that predominate. And it was, in fact, an evidentiary and specifically a discovery rule that is sort of the underpinning of the... Why isn't it necessary? Why isn't the review of this particular affidavit necessary to ensure a meaningful review of the order properly before us? The problem with framing it that way is that it would swallow the rule. What do you mean it would swallow the rule? We've got all kinds of cases that say what that means. Well, we got Paul Luce. It says it requires that the penitentiary's decision have much more than a tangential relationship to the decision properly before us. That seemed to meet. We've got KW, XRLDW v. Armstrong, which says, pursuant to our narrow construction of this review, we may exercise to consider issues that call into question the district court's authority to rule on a party's motion for preliminary injunction. But then he says, well, we have declined to exercise where it's not a logical predicate to the issues properly raised on appeal and did not implicate the very power of the district court. Well, this is a logical predicate. I mean, this is the only evidence that you have. So says your opposition. Well, I disagree with that last point. I think we would win. Then what is the evidence that I would have in front of me now without the Brown affidavit which would suggest you shouldn't win or that you should win the collateral order doctrine qualified immunity? Yes, Your Honor. We could. Without Brown. Without Brown, this court is still lacking jurisdiction. And the reasons for that is that there are still facts in the record. What? Including that. Well, we're not lacking jurisdiction. You would win on the qualified immunity. Lacking jurisdiction. We just don't give them qualified immunity. But keep going. Well, your argument is the same. What is it? What are the facts? I would say either that it would be no jurisdiction and we would win on the merits. But the facts are an unarmed person that the police knew was unarmed. And then the district court said that there's some dispute about how early they knew that he was unarmed. For certain, the video that does exist contradicts in some respects the police officer's version of events. Specifically, the officer said that he delivered these many punches because of a headbutt. And in looking at the video, there was no headbutt. It cleanly impeached that officer as to the purported justification for the beating. That video also showed Mr. Rio saying, I ain't resisting. And it showed some other bystanders. I ain't fighting, I think is what he said. I'm sorry. I ain't fighting. Correct. I ain't fighting. That was a correct quote. You can't hear that. I don't know. I couldn't really see anything. I don't know. I couldn't see if there was a headbutt or not a headbutt. So it's partially obfuscated. But in plaintiff's view, it does impeach the notion of any sort of a headbutt. And it also impeaches the order of events and the necessity for the immediacy of the force. The officers also failed to tell medics at the scene about the dozens of blows that they had administered as well as the tasings. That smacks a little of consciousness of guilt and I think can be considered as to whether this was necessary and whether they really did have Mr. Rios's best interests in mind in summoning care and explaining everything to the officers. Just the sheer number of beatings, dozens of beatings that the officers themselves admit to combined with the tasings is a significant and substantial use of force that's what the district court found. And under Graham, that can be compared to a minimal justification for it. So even setting aside Brown, the district court found that the beatings, the tasings, all of those things could be a substantial Graham use of force with only a minimal justification. And again, that's entirely outside of the Brown universe. Which would then mean that it isn't clearly meaningful to look at that discovery order. So I think you could say it's not material. It's not meaningful. We don't even have to reach Brown. That's one way to get there. But I would certainly say that saying that we can reach Brown would be a first opinion of that kind. I thought it was telling that my colleague couldn't think of a case or come up with a case that did what they're asking this court to do. And that's because there isn't one, at least that we have found, and for good reason. I perhaps was a little cheeky. I didn't mean to be when I said this court has plenty of its own work, I'm sure, without opening what really would be floodgates to the interlocutory appeal of every discovery issue, every evidentiary ruling. Framing the Brown Declaration as a material issue that needs to be resolved for jurisdiction is clever, and I understand why my counterpart is doing it. I would do the same in his shoes. But it really was a Rule 26 call that the district court made. And the district court did give them the opportunity to take the deposition if they wanted it. But conceptually, would you agree that the way we look at this is parallel to how we look at, say, other pendent claims on declarative order appeal? Or is this something else? In other words, the way Judge Smith has been asking the questions, it's based on the notion that we apply this. I have a principle, by the way, which is at any time inextricably intertwined appears anywhere I cross it out. It's a ridiculous phrase. It's way overused, doesn't mean anything. But it's in the case law here. So the question is, are we looking at this as a question of whether it's inextricably intertwined? Or are we instead stepping back and saying, you know, what is the Johnson versus Jones rule? And what does it apply to? I think it's the latter. Aside from not having to say inextricably intertwined, or engage with that gauzy doctrine, I also think there's just a more fundamental legal question of what's appealable or not. And I think Johnson really is on all fours. I think that if our case isn't a Johnson case, it's difficult to imagine one that would be. Or it's difficult to see how this case could be one that could draw a usable line. Well, to avoid the Flygates problem. I suppose the line that they would draw is that Johnson is just about the pure evaluation of the evidentiary record that you have, an assessment of whether it creates a genuine factual dispute. And the rule that they're asking for is limited to, you know, some sort of discrete legal ruling about what is in the evidentiary record. So what's wrong with that? I mean, and when you conceptualize it that way, it seems perhaps less obviously covered by Johnson. Yeah, I don't disagree that when we use the words that way, and frame it that way, you can make it sound like this is different than Johnson. But then I think the concern with that is that virtually every case where a district court has said, yes, I am going to consider this, or no, I'm not going to consider this, and here's the remedy that I fashioned to address your concerns, Defendant. It's really difficult, at least for me, to imagine how any district court decision like that couldn't be fashioned into this sort of new, not Johnson, but something else, interlocutory appeal. But this is a little bit different than any evidentiary idea that we've got that you're trying to phrase. This is a case where the person who's bringing the suit can't testify at all. Right. If he could testify at all, that would be a lot easier decision. It certainly would. And I'm surprised at your argument, because he can't testify at all, and yet you're saying we shouldn't look at whether this other guy who can't testify shouldn't be able to? Well, I think the fact that our plaintiff cannot testify militates in favor of the apolis here. As Judge Berzon pointed out, there is a very strong line of authority that says, essentially, and I'm paraphrasing, that we take with a grain of salt, or we more closely scrutinize the officer's version of events when they have left the plaintiff unable to provide a contrary version of events, and whether that's because a person's dead, or because, like in this case, it's because he's in a vegetative state. I think that, if anything, that just leads us to provide more scrutiny to the appellant's or the officer's version of events. But is it pertinent to the evidentiary, to the question of whether we reach an evidentiary question? Perhaps, were it not for all of the other facts in the record that I tried to lay out for why we would win in a non-Brown universe as well. So I think because of the facts in this case that the district court did find, we don't have to address Brown if the court would rather not. And with that, I'm prepared to submit unless the court has further questions. It appears not. Thank you. Thank you, Your Honors. All right, so rebuttal for two minutes. Thank you, Your Honors. I think part of the problem here is that we're neglecting that Rule 37 explicitly says that evidence that is in violation of Rule 26 cannot be used on a motion, at a hearing, or at a trial. So it explicitly involves circumstances such as this, a motion. But their contention, as I understand it, didn't violate Rule 26 because they didn't have it earlier. And the district courts seem to agree with that. So basically, that's a factual question, right? It theoretically could be. But they're literally, our position is, no evidence to support the court's conclusion that it was timely provided. Their argument is... But that's a factual question. That's exactly what we're not supposed to be doing under Johnson. Well, the court can always weigh whether or not there is any evidence to support a finding by the trial court. It's not a matter of weighing the evidence. There has to be something.  On pellet jurisdiction for qualified immunity, you're making that argument? I mean, this is a qualified immunity case. We wouldn't be here if we weren't trying to get into this before the officers had a trial. Right. And so therefore, we don't look at evidence. I mean, this Johnson idea that Judge Berzon keeps bringing up to you is because that's absolutely the law. And you're asking us, I'm trying to figure out what rule I would use to get around it. And that's why I suggested this one. Well, the issue, I mean, part of this is, if this court were to reverse, we're sort of making the assumption that the plaintiffs would be deprived of any ability to use Mr. Brown. As a witness, what we're saying is that the introduction of this declaration at this motion was improper because of the rule violation. And the court didn't make a decision about how to deal with the violation because they didn't find one in the first place. And I can address that. The issue of how to deal with it otherwise, what I would suggest, would be, get sent back down, the declaration gets struck, and we take his deposition, and that becomes the evidence for Mr. Brown. We're not saying Mr. Brown is as if he doesn't exist at all. I thought you were, I mean, you were asking us to reverse the denial of summary judgment and say that summary judgment should have been granted. Well, yeah, that's certainly our preferred position. But I'm trying to deal with the court's concerns, as has been repeatedly expressed, about the fact the plaintiff cannot testify. And so there seems to be this concern that the relief that were requested is extreme under this circumstance. We don't necessarily agree. We think under the circumstances, it's perfectly appropriate to just strike the Brown Declaration and rule on the motion. If the court is not inclined to do that, it does have another option which does not harm the defendants while it attempts to help the plaintiffs. The point is, if there is a violation of Rule 26, the starting point from Rule 37 is, it's the evidence supposed to be excluded. The district court can then say, but under the circumstances, we're going to ameliorate that. But it's balancing what's the best way to deal with that. If you had taken the deposition the next day or a week later and gotten material that you thought was helpful, could you have moved to reconsider the summary judgment motion? In theory, but Judge — But you didn't do it. But the judge had made it literally part of his order that nothing that would have come out of the deposition would have made any difference to him. At that point, asking us to take a deposition that literally would be ignored doesn't make sense. If I were the lawyer, I would have taken the deposition. Let's put it that way. Okay, and perhaps that would have been better. But I also don't know how we would have brought it before the court if the judge simply said, no, we're not going to consider it. You put it in a motion to reconsider, and then you bring it before us. As far as a motion to reconsider, it's pretty easy. Um, I — we didn't do that, and I can't undo the past. But I don't think that — I mean, for all any of us know, Brown would have been extremely persuasive in supporting what he said. Sure, and on the other hand, he might have completely refuted everything. But the district judge said he didn't care. He literally said even if he recanted, it wouldn't make any difference to him because then he found it to be a genuine dispute of fact, which is why I brought up the sham affidavit issue earlier, that if there had been a disclosure, our contention is we would have taken his deposition. There's a line in the plaintiff's brief where they say — I apologize — that they knew from the moment that they interviewed Mr. Brown in mid-May, they were going to rely on his testimony. We did not find out what Mr. Brown was going to say until two and a half months later when we got the declaration.  That's — I think — I think we — I think we have your argument, sir. We have that argument. No further questions. Thank you very much. And there were more. We have that argument. Thank you. And we thank both counsel for their helpful arguments in this case, and the case is submitted.
judges: BERZON, SMITH, MILLER